UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JERMICHAEL CARTER
and JOSHUA LOPP

        Plaintiffs,

CASE NO. 1:16-CV-1279

v.

HON. ROBERT J. JONKER

DANIEL HEYNS, *et al.*,

        Defendants.

_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION AND GRANTING MOTION TO AMEND / CORRECT

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 22), Plaintiffs' Objections to the Report and Recommendation (ECF No. 23), Defendants' Response (ECF No. 26) and Plaintiffs' Reply. (ECF No. 29). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections.

The Magistrate Judge recommends granting Defendants' motion for summary judgment as to Defendant Washington and denying it in all other respects. The Magistrate Judge also recommends *sua sponte* dismissing Defendant Finco for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(c). (ECF No. 22, PageID.161.) In their Objections, Plaintiffs concede Defendant Washington should be dismissed from this action. Plaintiffs object, however, to the *sua sponte* dismissal of Defendant Finco. Plaintiffs argue they should be allowed to cure the deficiency by amending their complaint to add the following claims:

> 6. Plaintiff then submitted his request on the subject matter to Defendant Finco and pointed out MDOC policy, PD-05.03.150 as the Prison policy supporting Plaintiffs right to live out and practice his Divine God Centered Cultural Tenets free from persecution while in Defendants' custody inside prison.
>
> 7. Defendant, Thomas Finco, the Deputy Director of the MDOC, in charge of all Correctional Facility Administrations, received Plaintiff's request on November 12, 2014, requesting time and space to practice his Divine God Centered Cultural Tenets, denied the request on the notion that the NOGE was not approved for separate group services or activities, and although he had the authority to approve this request he failed to do so, and forwarded his determination of denial to Defendant Leach, who informed Plaintiff of the denial on November 26, 2014. Thereafter, a second correspondence was sent to Defendant Finco on 01-22-15, which was responded to by Defendant Leach, stating no further action would be taken. See (Exhibits A and B).

(ECF No. 23, PageID.165; ECF No. 24, PageID.176).

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The rule also provides that a "court should freely give leave when justice so requires."

*Id.* The latter mandate embodies "the principle that cases 'should be tried on their merits rather than the technicalities of the pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (per curiam) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

Defendants urge the Court to deny Plaintiffs' motion to amend. They aver Plaintiffs' motion does not point to any personal involvement by Defendant Finco. (ECF Nos. 26-27.) It is true that as a general matter, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Rather a plaintiff must establish that the official was personally involved, or that he otherwise encouraged or condoned the action of the offending employees. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). The Court concludes that Plaintiffs' motion raises sufficient claims of Defendant Finco's personal involvement to survive scrutiny at this stage of review. While Defendants may ultimately be correct with regard to this claim, such is not immediately apparent on this record.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 22) is **ADOPTED in part** and **REJECTED in part.**

**IT IS FURTHER ORDERED** that:

1. Defendants' motion for summary judgment (ECF No. 13) is **GRANTED** as to Defendant Washington and **DENIED** in all other respects.

2. Defendant Washington is **DISMISSED** from this case.

3. Plaintiffs' Motion to Amend / Correct (ECF No. 24) is **GRANTED.**

**IT IS SO ORDERED.**

Dated:     September 25, 2017            /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE