UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JERMICHAEL CARTER
and JOSHUA LOPP,

        Plaintiffs,

v.

DANIEL HEYNS, *et al*,

        Defendants.

_____/

Case No. 1:16-cv-1279

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by co-plaintiffs William Jermichael Carter and Joshua Lopp, two state prisoners in the custody of the Michigan Department of Corrections (MDOC). As the Court discussed in a previous order, "[t]his case presents an example of 'the pervasive impracticalities associated with multiple-plaintiff prisoner litigation.'" Order (ECF No. 43, PageID.291-292) (quoting *Proctor v. Applegate*, 661 F.Supp.2d 743, 780 (E.D. Mich. 2009)).

      **I.**    **Background**

Plaintiffs filed a complaint pursuant to 42 U.S.C § 1983 and 42 U.S.C. § 2000cc of the Religious Land Use and Institutionalized Persons Act (RLUIPA). Compl. (ECF No. 1, PageID.5). Plaintiffs named defendants MDOC Director Daniel Heyns, MDOC Director Heidi Washington, Deputy Director Thomas Finco, Warden Bonita Hoffner, Warden DeWayne Burton, Chaplain Perez, and Special Activities Coordinator David Leach. *See* Compl. (ECF No. 1). Carter alleged claims against defendants Hoffner, Leach, and Heyns, *id*. at PageID.6-7, while Lopp alleged claims against defendants Burton, Perez, and Washington, *id.* at PageID.7-8.

1

Plaintiffs allege that they are adherents of the "Nation of Gods and Earths (NOGE)" and that defendants "are denying [p]laintiffs rights to live out the practice and divine tenets" of NOGE. *Id.* at PageID.3. Their complaint consisted of four counts. Count One alleged that defendants Hoffner and Burton violated their rights under the 1st Amendment ("Free Exercise and Freedom of Expression Clause"), 14th Amendment (Equal Protection), and RLUIPA. *Id.* at PageID.9. Count Two alleged that defendant Leach violated MDOC Policy Directive 05.03.150 (religious beliefs and practices of prisoners) depriving them of their 1st and 14th Amendment rights. *Id*. Count Three alleged that defendants Heyns, Washington, and Finco used MDOC Policy Directive 05.03.150 to violate their 1st and 14th Amendment rights. *Id*. at PageID.9-10. Plaintiffs, however, did not allege any facts in the complaint to support a claim against defendant Finco. Count Four alleged that "all Defendants" denied them "fundamental due process of law" and "equal protection of the law." *Id*. at PageID.10. In addition, "all Defendants" violated their rights under RLUIPA. *Id*.

Defendants moved for summary judgment, which the Court granted with respect to defendant Washington and denied in all other respects. *See* Order (ECF No. 30). The Court allowed plaintiffs to file an amended complaint alleging defendant Finco's personal involvement in this action. *Id*.

Plaintiffs did not file an amended complaint. Rather, Lopp filed an amended complaint and a supplemental complaint, while Carter filed an amended complaint. *See* Order (ECF No. 43). The Court struck these filings and ordered plaintiffs to file a single amended complaint. *See* Order (ECF No. 43).

Once again, plaintiffs did not file an amended complaint. It appears that there is disagreement between the plaintiffs on how to proceed. Plaintiff Carter filed a "Motion requesting

2

severance/separation of jointly filed complaint pursuant to FRCP 21" (ECF No. 44). Carter also filed a letter seeking to file an amended complaint which the Clerk's Office docketed as a motion for leave to file a proposed amended complaint (ECF No. 46). Lopp filed nothing. These matters are now before the Court.

### A. Plaintiff Lopp

Plaintiff Lopp filed no response to the Court's latest order to file an amended complaint. Here, Lopp has failed to comply with the Court's order and abandoned this lawsuit. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962). Here, plaintiff Lopp's claims should be dismissed pursuant to WD. Mich. LCivR 41.1 which provides that:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, the presiding judge may enter an order of dismissal with or without prejudice, with or without costs.

Under the circumstances of this case, this R&R shall serve as notice for plaintiff Lopp that his complaint is subject to dismissal for lack of prosecution and failure to comply a court order under W.D. Mich. LCivR 41.1.[1]

### B. Plaintiff Carter

Plaintiff Carter wants to continue his lawsuit. He has sought to sever his claims and has submitted a proposed amended complaint seeking relief against defendants Heyns, Finco,

---

[1] "[T]he Court in its discretion may proceed to dismiss a complaint for lack of prosecution either by issuing a show cause order pursuant to W.D. Mich. L.Civ.R. 41.1, or by a Magistrate Judge issuing a report and recommendation." *Underhill v. Illinois Student Assistance Commission*, No. 2:03-cv-137, 2005 WL 2297290 at *1 (W.D. Mich. Sept. 21, 2005).

Hoffner and Leach.  Proposed Amend. Compl. (ECF No. 46-1).  Carter has re-alleged his claims against defendants Heyns, Hoffner and Leach, and included allegations against defendant Finco from November 12, 2014 to January 22, 2015.  *Id.* at PageID.313-314.  The proposed amended complaint includes four counts, which essentially correspond with the claims in the original complaint, adding defendant Finco to Count Three.  *Id*. at PageID.315-317.

In short, plaintiff Carter has complied with this Court's order to include allegations against defendant Finco.  Given the posture of this case, I find no reason to sever plaintiff Carter's claims into a separate lawsuit.  Accordingly,  Carter's motion to sever should be denied, his motion to amend should be granted, his proposed amended complaint should be filed, and the Court should enter an amended case management order for this case to proceed against defendants Heyns, Finco, Hoffner and Leach.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff Lopp be **DISMISSED** pursuant to W.D. Mich. LCivR 41.1.  In this regard, the Court should consider Lopp's objection to this report as his response to show cause under W.D. Mich. LCivR 41.1.

I further recommend that defendants Burton and Perez be **DISMISSED**.

I further recommend that plaintiff Carter's motion to sever (ECF No. 44) be **DENIED**, that his motion to amend (ECF No. 46) be **GRANTED**, that his proposed amended complaint (ECF no. 46-1) be **FILED**, and that he be allowed to pursue this case as the sole plaintiff.

I further recommend that the Court **ENTER** an amended case management order for plaintiff Carter to proceed with his claims against defendants Heyns, Finco, Hoffner and Leach.

Dated: November 18, 2020               /s/ Ray Kent
                                        RAY KENT
                                        United States Magistrate Judge

4

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).