UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JERMICHAEL CARTER,

        Plaintiff,

CASE No. 1:16-cv-1279

v.

HON. ROBERT J. JONKER

DANIEL HEYNS, et al.,

        Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

This is a prisoner civil rights lawsuit brought *pro se* by Plaintiff William Jermichael Carter. In his amended complaint, Plaintiff sued defendants pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc *et seq.* ("RLUIPA"). Magistrate Judge Kent entered a Report and Recommendation ("R&R") (ECF No. 95), which recommended granting defendants' motion for summary judgment. (ECF No. 74). The Court adopted in part, rejected in part, and remanded for further review. (ECF No. 102). On remand, the Magistrate has issued a second R&R recommending dismissal. (ECF No. 107). Plaintiff has filed timely objections (ECF No. 108) and Defendants have replied. (ECF No. 109).

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 107), Plaintiff's Objections to the Report and Recommendation (ECF No. 108), Defendants' Reply (ECF No. 109), and the evidence before the Magistrate. After its review, the Court agrees with the Magistrate Judge that the defense motion for summary judgment be granted.  Specifically, the Magistrate Judge concludes that Plaintiff lacks standing to bring this lawsuit because he has failed to allege that he has suffered a concrete, particularized, and actual or imminent injury.  In his objections, Plaintiff primarily reiterates and expands arguments he has already presented.  Nothing in Plaintiff's objections change the fundamental analysis. For the reasons detailed in the Report and Recommendation, as well as those set for below, the Court agrees that Defendants' motion for summary judgment should be granted.

In its previous order, the Court declined to find as a matter of law that Nation of Gods and Earths ("NOGE") is categorically not a religion. *See* ECF No. 102. However, courts are not empowered to decide hypothetical suits. Article III confines federal judicial power to resolving "Cases" and "Controversies." As the Supreme Court recently affirmed, that requires a plaintiff to have "a personal stake in the case." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and

(iii) that the injury would likely be redressed by judicial relief." *Id*. Here, the plaintiff's claims stem from an alleged violation of the First Amendment. "Purely secular views or personal preferences will not support a Free Exercise Clause claim" *Bennett v. Burt*, 2016 WL 7034240, at *3 (W.D. Mich. Dec. 2, 2016) (citing *Frazee v. Ill. Emp't Sec. Dep't*, 489 U.S. 829, 833 (1989)). While the Court agrees that it may be possible to make the case that NOGE qualifies for religious protection, here Plaintiff has taken great pains to make clear that he hasn't suffered a *religious* injury. *See* ECF No. 75-4, 89-2, *and* ECF No. 75-3, PageID.593. Without a concrete and religious injury in fact, Plaintiff lacks standing to pursue this case.

    Rather, throughout the record, Plaintiff asks that NOGE be treated as "equivalent to" a religion. (ECF No. 89-3, PageID.1100). Although Plaintiff correctly asserts that he submitted a written request regarding his desired accommodations, that letter states that NOGE is "<u>NOT</u> a religion." (ECF No. 75-4, PageID.673) (emphasis original). He is asking to be extended the same treatment as recognized religions without being a religion. To the extent that Plaintiff claims a non-religious injury that he asks be treated the same as a religious one, an equal protection claim also fails. MDOC may treat non-religious groups differently than religious ones because both the First Amendment and RLUIPA rely on those categories. Just because a group of prisoners shares a common interest—even a deeply held one—in economics, philosophy, or chess does not entitle them to protection afforded religious groups under either the Free Exercise Clause or RLUIPA. Therefore, even if NOGE could theoretically qualify for those protections, where, as here, a Plaintiff expressly and repeatedly denies having any religious injury, they lack standing to sue.

    Finally, even if Plaintiff had standing to sue under RLUIPA or the First and Fourteenth Amendments, Defendants would still be entitled to summary judgment. Where government officials act within the scope of their authority do "not violate clearly established statutory or

3

constitutional rights which a reasonable person would have known," they are entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here, the MDOC policy clearly stated that it applied to religious groups. (ECF No. 75-2, PageID.548). Plaintiff repeatedly stated he did not view NOGE as a religion. *See* ECF No. 75-4, 89-2, *and* ECF No. 75-3, PageID.593. Therefore, Defendants were not on notice that enforcing MDOC policy would be violating anyone's rights or breaking any law. Therefore, even if Plaintiff had standing, Defendants would be entitled to summary judgment.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 107) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion of Summary Judgment (ECF No. 74) is **GRANTED**. This matter is **DISMISSED**.

A separate Judgment shall issue.


Dated:  

ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE